June 21, 1909.

————o————

4748.

Court of Appeal, Parish of Orleans.

FREED & CLESI VS: A. D'ORSAY.

1. The father and head of family, in providing a shelter for his children does no more than is required of him by the law and society, and his children, for whose benefit the premises have been secured, are the beneficiaries under the lease to the xtnt only that the law imposed upon the father the obligation to provide for and support his children.

2. Where the father signs the lease and rent notes, he himself not noving in the leased premises, the same being occupied by his immediate family, h will be considered to be the  l  e   , and the property contained in the leased premises and belonging to one of his (the lessee's) children, is not subject to seizure after its removal from the premises.

Appeal from the Civil District Court, Division "B."

Henriques & Duchamp, for Plaintiff and Appellant.

L. Saxon, H. G. Stewart, for Defendant and Appellee.

ESTOPINAL, J. The facts in this case are not disputed, a question of law alone being involved.

This was a suit for rent in which a writ of provisional seizure issued against the defendant at the instance of the plaintiff. The seizure of the property was made eight or ten days after the property, consisting of household goods, had been removed from the leased premises.

After seizure Miss Juliette Dorsey, a daughter of the defendant, intervened, claiming ownership of the property, denying that the property was liable for the rent, but that in any event plaintiff's lien and privilege was lost the moment the property was removed from the leased premises. The intervenor bonded the property and it was released to her by the sheriff.

Plaintiffs, answering, denied that the property seized belonged to the intervenor or that she had suffered any damage as a result of the seizure, and by way of reconventional demand averred that since the filing of this suit they had discovered that although the defendant signed the lease and rent notes, the intervenor was the real beneficiary under the lease; that she was the occupant of the premises, whereas the defendant never occupied them, and was in point of fact, a mere nominal tenant and a party interposed; that the property seized was the sole security for the payment of the rent due, and that its removal by the intervenor constituted a fraud against her lessor, etc., and they pray for judgment against intervenor for the full amount of their claim.

The following facts are not disputed: "That the property seized *belonged to the intervenor;* that the property seized was that which was contained in the leased premises, and that the seizure was made several days (ten days) after the removal; that the lease was signed by the defendant, the father of the intervenor, but that he never occupied the premises; that the intervenor paid no board or rent to her father.

Plaintiffs take the position that the defendant was only a *nominal tenant,* and that intervenor who was the real beneficiary, was the *real tenant,* and that the issuance by them of the writ of

—389—

provisional seizure was done in good faith and within the time provided by law for seizures after the removal of the property from the leased premises and that having so conducted themselves they should be absolved from the payment of damages.

The question submitted for determination is whether the intervenor under the conditions and circumstances already referred to must be considered in the category of a *third person*, and hence her property not subject to seizure after its removal, or whether she is to be considered as the *real tenant* and her property subject to seizure within 15 days after its removal.

We have ben referred by counsel for plaintiff to the case of Aurich vs. Wolf & Levy, and it is contended by counsel that the decision in that case supports the position taken by plaintiffs, that the beneficiary under the lease becomes the *real lessee*.

We have examined the case with care, but do not find in it any application to the case at bar.

In the present case the person signing the lease was the father, the head of the family, who, in providing a shelter for his wife and children was doing that which good morals and society exacted of him; in short, he was performing his legal duty, nor do we need stop to enquire whether he himself lived on the premises or not. The intervenor, defendant's daughter, was a beneficiary under the lease; true, but only to the extent that the law imposes upon the father the obligation to support and provide for his children.

Had the seizure been made while the property was contained in the premises it would have been effective. She was not a sub-tenant of her father's.

The seizure of the property after the removal was improvident, but considering the uncommon conditions of this case, and the circumstance, at least nothing to the contrary is shown, that the plaitiff's knew nothing of the relations existing between the defendant and his family we think they should be relieved in part of that portion of the judgment appealed from decreeing the payment by them of damages in the sum of $50.

They acted in absolute good faith, and the intervenor is not shown to have suffered any damage beyond the necessity of employing counsel whose services are shown to have been small and formal. We think the damages allowed should be reduced by half and that in other respects the judgment should be affirmed.

It is therefore ordered adjudged and decreed that the judg-

ment appealed from be and it is hereby amended by reducing the amount allowed for attorney's fees from $50 to $25, and as amended it is affirmed, plaintiffs to pay the costs below and intervenor to pay those in this court.

Amended.

Rehearing refused June 29, 1909.